UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PAUL BOOKWALTER,  :
           :
     Petitioner :
    vs.      :   CIVIL NO. 1:CV-14-0322
           :
WARDEN DANIEL KEEN, *et al.,* :   (Judge Caldwell)
           :
     Respondents :

*M E M O R A N D U M*

I. *Introduction*

   Joseph P. Bookwalter, while an inmate at the Franklin County Prison (FCP), in Chambersburg, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  (Doc. 1, Pet.).  Bookwalter claimed the Franklin County Probation Department illegally detained him for an alleged parole violation on an expired sentence imposed by the Court of Common Pleas of Franklin County.  As relief, he sought his immediate release, reinstatement of his "street time" credit, and monetary damages.  Respondent contends, among other things, that Bookwalter's Petition is moot given his release and the completion of his sentence.  (Doc. 17, Resp.)  No traverse has been filed.  For the reasons set forth below, the habeas petition will be dismissed.

II. *Background*

   On October 4, 2011, after Bookwalter failed to appear to answer to the

_____

[1]  Bookwalter is currently housed at the State Correctional Institution in Camp Hill, Pennsylvania.  *See* http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx.

charges of Driving Under the Influence (DUI), a bench warrant was issued for his arrest.

He was committed to the Franklin County Prison on October 7, 2011. *See Commonwealth*

*v. Bookwalter*, CP-28-CR-1810-2011 (Pa. Ct. Com. Pl. Franklin Cnty.);[2] *see also* Doc. 16-6,

Criminal Dkt. Sheet.  He was released on his own recognizance on October 10, 2011.

(Doc. 16-18, Release Order).  When Bookwalter failed to appear for Formal Arraignment on

DUI and related charges, a bench warrant was issued on November 9, 2011, for his arrest.

(Doc. 16-19, Bench Warrant).  He was reincarcerated on January 7, 2012.  (Doc. 16-20,

FCJ Intake Paperwork).

Bookwalter posted $10,000 bail on January 17, 2012.  (Docs. 16-6 and 16-21,

Release Order).  When Bookwalter failed to appear for a court appearance on February 20,

2012, a bench warrant was issued for his arrest.  (Doc. 16-22, Bench Warrant).  On

November 3, 2012, he was detained pursuant to the Franklin County Court of Common

Pleas bench warrant and his bail was increased to $20,000.  (Doc. 16-23, Bail Order).  He

remained incarcerated until his plea and sentencing on December 13, 2012.  (Doc. 16-6,

Criminal Dkt. Sheet).

After pleading *nolo contendere* to the charges, Bookwalter was sentenced to

a term of thirty days to six months as to Count 1 (DUI), and to sixty days as to Count 2

(Driving During Suspension) of the Criminal Complaint, to be served consecutive to the first

term.  (Doc. 16-7, Sentencing Orders).  He was granted thirty-days credit as to Count 1,

and fifty-days credit as to Count 2.  (*Id.*)  He was also directed to pay court costs and fines,

and mandated to attend Alcohol Highway Safety School and participate in Drug and Alcohol

---

[2]  A copy of the docket sheet in Bookwalter's criminal case is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

Treatment.  (*Id.*)  Bookwalter was also required to adhere to any housing, employment, reporting and monitoring requirements his supervising parole officer imposed.  (*Id.*)  On December 18, 2012, Bookwalter signed a series of Rules and Conditions of Probation-Parole.  (Doc. 16-24, Conditions of Release).  The following day the court placed Bookwalter "on parole effective December 23, 2012 for a period of 4 months and 20 days under the supervision of the Franklin County Probation Department."  (Doc. 16-10, Parole Order).  Bookwalter agreed to maintain a residence in Clearwater, Florida, seek and maintain employment, and pay a minimum of $100.00 per month beginning January 7, 2013.  (Doc. 16-24, Conditions of Release).

On September 9, 2013, after Bookwalter failed to comply with the reporting requirement, failed to make scheduled payments on his fines, and failed to complete "DUI school" or drug and alcohol treatment, the Franklin County Court of Common Pleas set a September 25, 2013, parole violation hearing.  (Doc. 16-8, Notification of Parole Violation Hearing).  A bench warrant was issued for Bookwalter after he failed to appear for his parole violation hearing.  (Doc. 16-25, Bench Warrant).

Bookwalter was arrested in York County on new criminal charges and transferred to the FCJ on December 27, 2013.  *See Commonwealth v. Bookwalter*, CP-67-CR-9038-2013 (Pa. Ct. Com. Pl. York Cnty.);[3] Doc. 16-2 (same); and Doc. 16-26 (FCJ Intake Paperwork).  On February 26, 2014, following a hearing, the court held that Bookwalter violated the terms of his parole and ordered him to serve "the balance of his sentence of 4 months and 20 days."  Doc. 16-15, ECF p. 3, Order.  The court also

---

[3]  A copy of the docket sheet in Bookwalter's York County criminal case is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

"immediately paroled" Bookwalter from FCJ detention so he may appear in York, or any other, county where he faced charges.  (*Id.*)  On December 28, 2015, Bookwalter was released to Huntingdon County authorities pursuant to a properly lodged detainer.  (Doc. 16-5, Release Form and Doc. 16-9, Huntingdon and Perry Cnty. Detainers).

On May 14, 2014, the Franklin County Adult Probation Department notified Bookwalter that his period of "probation/parole supervision .  .  . terminated as of May 8, 2014."  (Doc. 16-4, Letter).  Eventually, Bookwalter was returned to York County authorities and was released on June 2, 2014, after posting bail.  *See* Doc. 16-2.  Bookwalter pled guilty to Conspiracy-Forgery-Unauthorized Act in Writing on March 2, 2015 in York County. He was sentenced on July 29, 2015.  He is currently incarcerated on that sentence.

III.   *Discussion*

Respondent argues that because Bookwalter was released from FCJ custody, and shortly thereafter, completed his Franklin County sentence, his habeas claim attacking the revocation of his parole is moot.  We agree.

In *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). the Supreme Court held that a petitioner's challenge to his conviction is not rendered moot by the fact that the underlying sentence has expired because certain collateral consequences flowing from the conviction give the petitioner "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him."  However, in *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998), the Supreme Court held that "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole — some

'collateral consequence' of the conviction — must exist if the suit is to be maintained."  In *Spencer*, the Supreme Court held that the presumption of collateral consequences does not apply to parole revocations.  523 U.S. at 12, 118 S.Ct. at 985; *see also United States v. Huff*, 703 F.3d 609, 612 (3d Cir. 2013) ("a litigant who is unconditionally released from custody must show that [he] will, in fact, suffer collateral consequences from the supervised release revocation to present a live case or controversy.")

Here, because the relief Bookwalter sought was the termination of his parole, and he has since been unconditionally discharged from Franklin County custody after having completed his sentence, his habeas claim attacking his parole-revocation sentence is moot as we cannot grant him the relief he has requested.  In his traverse, Bookwalter did not attempt to demonstrate any collateral consequences resulted from his parole revocation.  Thus, his petition is moot.

IV.    *Certificate of Appealability*

The court will issue an order denying Bookwalter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Bookwalter is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that the court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of

appealability from the appropriate court of appeals. See Fed. R.App. P. 22; 3d Cir. L.A.R. 22.1.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 29, 2015